# In the District Court of the United States
## For the District of South Carolina
### BEAUFORT DIVISION

| | | |
|---|---|---|
| Luhaze Cusack, | ) | C. A. No. 9:03-2714-13BG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |



This matter is before the court on a petition for approval of attorney's fees submitted by plaintiff's counsel, Richard J. Paul, Esquire. The record indicates that in February 2002[1], plaintiff filed an application for disability insurance, which were denied by the Social Security Administration, both initially and upon reconsideration. A hearing, requested by plaintiff under 42 U.S.C. § 405(b), resulted in an adverse determination as to disability insurance benefits. That determination became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on June 27, 2003. Plaintiff sought judicial review of this decision pursuant to 42 U.S.C. § 405(g). On March 2, 2005, this court ordered the Commissioner's sentence be reversed and benefits be awarded.

Subsequently, the plaintiff's counsel has filed a motion for approval of attorney's fees on April 12, 2005, seeking fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA) in the amount of Six Thousand Eight Hundred Sixty Two and 50/100 ($6,862.50) dollars which represents 45.75 hours of work at $150.00 per hour plus costs of One Hundred Sixty Two and 60/100 ($162.60). The Commissioner filed a response on April 25, 2005, registering opposition to the

---

[1] Plaintiff filed an earlier claim for DIB in June 1997. That claim was denied initially and upon reconsideration.

time charge to services they considered clerical time and to the number of hours for which compensation was requested. On April 28, 2005, Plaintiff filed his response to Defendant's Response in Opposition.

In <u>Morris v. Social Security Administration</u>, 689 F.2d 495 (4th Cir. 1982), the Fourth Circuit Court of Appeals addressed the issue of attorney's fees:

> Subsection (a) of 42 U.S.C. § 406 authorizes the Secretary to certify a maximum of twenty-five per cent of a claimant's past due benefits as fees for the attorney who successfully represents the claimant in the agency proceedings. Similarly, subsection (b)(1) authorizes the court to allow up to twenty-five per cent of a claimant's past-due benefits as fees the attorney who successfully represents his client before the court. The district court, however, is to award attorney's fees pursuant to section 406(b)(1) without considering any services the attorney may have performed before the Secretary. <u>Whitt v. Califano</u>, 601 F.2d 160, 161-62 (4th Cir. 1979). The Secretary alone is empowered to make awards for services rendered in agency proceedings. <u>Id</u>. at 162. Nonetheless, an attorney's entitlement to fees for court services is not eliminated when the court does no more than remand the case to the Secretary, as in the instant case. See <u>Conner v. Gardner</u>, 381 F.2d 497, 500 (4th Cir. 1967).
>
> While the district court may not consider services rendered in administrative proceedings in its determination of a reasonable attorney's fee under subsection (b)(1), the legislative history of section 406 convinces us that the court must take into account any fees fixed by the Secretary.

Morris, 689 F.2d at 496-97.

On May 2, 2005, a Joint Stipulation was filed by both parties request this court dismiss the petitioner's petition on the terms of the payment of the fees stipulated below:

1. Defendant agrees that petitioner is entitled to attorney's fees under the EAJA, and further agrees to pay Six Thousand One Hundred Fifty and 00/100 ($6,150.00) Dollars as attorney's fees and costs in the amount of One Hundred Fifty ($150.00) Dollars in satisfaction thereof.

2. Petitioner agrees that his Petion under the EAJA may be dismissed pursuant to the stipulated agreement set forth above, and further agrees that this will be the only petitioner for attorney's fees and cost filed by petitioner in this case under 28 U.S.C. § 2412(d).

This court has thoroughly reviewed the record in the instant action. The court, having reviewed the record, the time expended in the judicial proceedings, the maximum amount allowable under 42 U.S.C. § 406, and the factors articulated in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978), concludes that Six Thousand One Hundred Fifty and 00/100 ($6,150.00) Dollars and costs in the amount of One Hundred Fifty ($150.00) Dollars is a reasonable and just fee to be paid to claimant's counsel for his services before the court.

Therefore, it is

**ORDERED**, that the motion for attorneys fees be dismissed and Secretary remit the amount of Six Thousand One Hundred Fifty and 00/100 ($6,150.00) Dollars and costs in the amount of One Hundred Fifty ($150.00) Dollars to petitioner for his services in this case.

**IT IS SO ORDERED.**

George C. Kosko
United States Magistrate Judge

May 3, 2005
Charleston, South Carolina